UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INDRANI BEKIEMPIS,

      Plaintiff,

v.                                                      CASE No. 8:16-cv-192-T-27TGW

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

      Defendant.

_____

## REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of

her claim for Social Security disability benefits.[1] Because the decision of the

Commissioner of Social Security does not properly and adequately address

functional limitations from the plaintiff's mental impairments, I recommend

that the decision be reversed and the matter remanded for further

consideration.

_____

[1]This matter comes before the undersigned pursuant to the Standing Order of this
court dated January 5, 1998.  See also Local Rule 6.01(c)(21).

I.

The plaintiff, who was fifty years old at the time of the administrative hearing and who has a second grade education, has worked as a cashier and office worker (Tr. 263). She filed a claim for Social Security disability benefits, alleging that she became disabled due to neck injury, disc problem, frozen right shoulder, bursitis, torn ligaments and cysts in leg, arthritis in whole body, TMJ, depression, and cysts in ovaries (Tr. 262). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of history of tendinitis of the right upper extremity, spine disorder and asthma (Tr. 24). She concluded that the plaintiff was restricted to light work but required a sit/stand option every 45 minutes and was precluded from work that requires above-shoulder lifting with the right upper extremity (Tr. 25). The law judge determined that, with these limitations, the plaintiff could not perform prior work (Tr. 28). However, based upon the testimony of a vocational expert, the law judge found that jobs exist in significant numbers in the national economy that the plaintiff could perform, such as sorter, marker and electronics worker (Tr. 29). Accordingly, the law

judge decided that the plaintiff was not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

A. In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact

made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B.    The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. See 20 C.F.R. 404.1520. One of the threshold inquiries (step two) is whether a claimant has a severe impairment. 20 C.F.R. 404.1520(c). An impairment is not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. 404.1521(a). If an impairment is not severe, then a claimant is deemed to be not disabled. 20 C.F.R. 404.1520(c).

When an impairment is severe, but does not meet, or equal, a listed impairment (step three), a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 404.1520(f). If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in substantial numbers in the national economy. 20 C.F.R. 404.1520(g). In such cases, the regulations direct that an individual's residual functional capacity, age, education and work experience be considered in determining whether the claimant is disabled.

## III.

The plaintiff challenges the law judge's decision on three grounds: (1) the law judge erred by finding that the plaintiff did not have a severe mental impairment (Doc. 12, p. 14); (2) the law judge failed properly to weigh the medical evidence and determine the plaintiff's physical residual functional capacity (id., p. 18); and (3) the law judge failed properly to evaluate the plaintiff's credibility (id., p. 23). The plaintiff's argument that the law judge erred in finding that the plaintiff did not have a severe mental impairment brings to light the law judge's failure to evaluate properly the evidence bearing on that finding. That failure warrants reversal.

The law judge acknowledged that the plaintiff had been diagnosed with major depressive disorder and post-traumatic stress disorder (Tr. 27). She also has been diagnosed with borderline intellectual functioning and anxiety disorders (Tr. 102). It is not clear whether the law judge considered these latter two diagnoses (see Tr. 27). In all events, the law judge found that the plaintiff's mental impairments were not severe. As indicated, the plaintiff challenges that finding.

The term "severe impairment," as used in the regulations, is something of a misnomer. The regulations could more aptly use the term

"significant impairment." As indicated, the regulations define a non-severe impairment as one that "does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. 404.1521(a). Accordingly, the court of appeals has stated that "an impairment can be considered as "not severe" only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984).

The regulations set out a mode of analysis for functional limitations due to mental impairments. 20 C.F.R. 404.1520a. They explain that the degree of limitations is rated in four broad functional areas: activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation. 20 C.F.R. 404.1520a(a), (c). The regulations state further: "If we rate the degree of your limitation in the first three functional areas as 'none' or 'mild' and 'none' in the fourth area, we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities" 20 C.F.R. 404.1520a(d)(1).

The clear implication from this regulation is that, if there is a moderate limitation in one of the functional areas, the mental impairment would be classified as severe. Thus, on its face, the regulation merely states that restrictions of "none" or "mild" generally show a non-severe impairment. If the Social Security Administration wanted moderate limitations to fall in the category of non-severe impairments, it could have easily said so.

In line with this conclusion, the Eleventh Circuit has held, in a number of cases, like Winschel v. Commissioner of Social Security, 631 F.3d 1176, 1180-81 (11th Cir. 2011), that if a claimant has a moderate limitation in the area of concentration, persistence or pace, the residual functional capacity and, concomitantly, the hypothetical question to the vocational expert must contain a functional mental limitation, such as a restriction to simple, routine, repetitive tasks. See, e.g., Smith v. Commissioner of Social Security, 486 Fed. Appx. 874 (11th Cir. 2012); Lee v. Commissioner, Social Security Administration, 551 Fed. Appx. 539, 541 (11th Cir. 2014); Thornton v. Commissioner, Social Security, 597 Fed. Appx. 604, 612 (11th Cir. 2015). Therefore, if a claimant has a moderate mental functional limitation, then she has more than a minimal functional limitation and thus has a severe impairment.

In this case, the law judge found that the plaintiff had no restrictions in activities of daily living, mild difficulties at most in social functioning, mild difficulties at most in concentration, persistence or pace, and no episodes of decompensation (Tr. 24). If those findings were reasonable and supported by substantial evidence, the plaintiff's claim that she had a severe mental impairment would fail. However, the evidence bearing on the law judge's finding that the plaintiff had only a mild limitation in concentration, persistence or pace was not properly evaluated.

The plaintiff in arguing that the law judge erred in not finding that the plaintiff had a severe mental impairment relies primarily upon the opinion of Benjamin N. Cohen, Ph.D., who conducted a psychological evaluation. Dr. Cohen's submissions, in effect, opined that the plaintiff had mental limitations that would be disabling, or that she at least had moderate limitations that would constitute a severe impairment. The law judge, however, considered Dr. Cohen's opinions and discounted them (Tr. 27). That determination appears reasonable because, as the law judge noted, Dr. Cohen had inconsistently stated that the plaintiff's "psychological symptoms would result in 'mild impairment in her ability to perform work-related

mental activities'" (Tr. 27).  Thus, reversal cannot be based on Dr. Cohen's opinions.

The law judge also supported her finding that the plaintiff's mental impairments were non-severe by reference to treatment notes from Dr. Debra M. Barnett, a treating psychiatrist.  In the notes, Dr. Barnett put checks on a form that asked, among many other things, to mark attention as "intact" or "impaired."  Dr. Barnett marked "intact" (Tr. 611, 612, 614, 616, 617, 618, 619).  The law judge makes more of those marks than is warranted.  The fact that the plaintiff paid attention when she was meeting with her psychiatrist does not establish that the plaintiff would not have a moderate limitation in concentration, persistence or pace during a work-day.  Thus, the regulations state that the broad area of concentration, persistence or pace "refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." 20 C.F.R. Part 404, Subpart P, App. 1, §12.00C3.  Notably, other than marking her forms, Dr. Barnett did not opine whether the plaintiff had any mental functional limitations.

The plaintiff seeks support from a psychological evaluation conducted by Steven N. Kanakis for vocational rehabilitation purposes. Dr. Kanakis concluded (Tr. 450-51):

> The results of the present evaluation suggest that the client suffers from Post-Traumatic Stress Disorder, Chronic; Mathematics Disorder; Disorder of Written Expression; and Borderline Intellectual Functioning. She appeared to be most in need of outpatient counseling in order to address the circumstances that have led her to suffer a Posttraumatic Stress Disorder. She might also benefit from consultation with a psychiatrist in order to devise an appropriate psychiatric medication treatment regimen. Not addressing the symptoms of the Posttraumatic Stress Disorder will cause the client problems in terms of attendance, concentration ability, and emotionality in the workplace. Unfortunately, the client does not appear to have the intellectual or learning resources to gain any type of meaningful education with computers. She is best suited to a routine/repetitive type task. Overall, recommendations include stabilization of the Posttraumatic Stress Disorder followed by job coaching in a routine/repetitive type work environment.

Significantly, the limitation to "routine/repetitive" type work is the kind of restriction that, in light of Winschel, is commonly contained in a residual functional capacity finding and a corresponding hypothetical question to a vocational expert to accommodate a moderate limitation in

concentration, persistence or pace.  The law judge, while acknowledging the

recommendation to routine/repetitive work, did not make anything of it (Tr.

27).

In contrast, two non-examining reviewing psychologists, having

considered Dr. Kanakis's report, opined that the plaintiff had a moderate

limitation in concentration, persistence or pace and had a severe mental

limitation.  Thus, Dr. Eric Wiener, upon review of the record as of September

11, 2012, including Dr. Kanakis's report, opined that the plaintiff had severe

impairments of Borderline Intellectual Functioning and Anxiety Disorders

and had moderate difficulties in maintaining concentration, persistence or

pace (Tr. 86).  Similarly, Dr. Anne-Marie Bercik concluded on January 3,

2013, after reviewing the record, that the plaintiff had severe mental

impairments of Borderline Intellectual Functioning and Anxiety Disorders

and had moderate difficulties in maintaining concentration, persistence or

pace (Tr. 102).

Crucially, the law judge did not even mention the opinions of Dr.

Wiener and Dr. Bercik.  Consequently, there is no reason to think she

considered those opinions.  This is error.  The regulations state that the law

judge, unless she gives controlling weight to a treating source's opinion

(which did not occur here) "must explain in the decision the weight given to the opinions of a State agency ... psychological consultant or other program ... psychologist." 20 C.F.R. 404.1527(e)(2)(ii). In this case, where the evidence of whether the plaintiff has a moderate limitation in concentration, persistence or pace and thus whether the plaintiff has a severe impairment does not point strongly in either direction, the failure to evaluate the opinions of the non-examining reviewing psychologists warrants reversal.

The Commissioner points out that an error in step two of the sequential analysis regarding severe impairments does not warrant reversal if, as here, the law judge finds other conditions to be severe impairments and proceeds further in the analysis (Doc. 13, pp. 4-5). There is reversible error, however, if in determining a claimant's residual functional capacity in connection with steps four and five, the law judge fails to include functional limitations that arise from an impairment that the law judge mistakenly said was non-severe. In other words, in a case where a severe impairment is found, it does not matter whether the law judge erred in saying another impairment was non-severe as long as she included any functional limitations from that other impairment in the claimant's residual functional capacity (and in the hypothetical question to a vocational expert, if one is employed).

-13-

In this case, there were no functional limitations included in the plaintiff's residual capacity that would accommodate a restriction from a mental impairment.  Winschel v. Commissioner of Social Security, supra, makes clear that, if the plaintiff had a moderate limitation in concentration, persistence or pace, the plaintiff's residual functional capacity would need to include a restriction to simple, routine, repetitive work, or something like that.

The law judge asserts that "the vocational expert testified that even if the claimant required non-exertional limitations, including no interaction with the public, the jobs cited ... would cause no conflict" (Tr. 27).  That is not accurate.  To the extent hypothetical questions were asked of the vocational expert that included functional limitations that pertained to a moderate limitation in concentration, persistence or pace, the expert stated that jobs were not available (Tr. 73, 76).  Therefore, the law judge's failure to evaluate the opinions of Drs. Wiener and Bercik in deciding whether the plaintiff had a severe impairment, based upon a moderate limitation in concentration, persistence or pace, cannot be excused as harmless error.  The error would be harmless if the vocational expert testified to jobs that the plaintiff could perform in answer to a hypothetical question that included

functional restrictions that would accommodate moderate limitations in concentration, persistence or pace. There was no such testimony.

Notably, the failure to address the opinions by Dr. Wiener and Dr. Bercik was not the only error by the law judge. Dr. Kanakis, who administered an IQ test, diagnosed the plaintiff with Borderline Intellectual Functioning (Tr. 450). Based upon that finding, Drs. Wiener and Bercik also diagnosed the plaintiff with Borderline Intellectual Functioning and opined that the condition was a severe impairment (Tr. 86, 102). The law judge did not discuss that impairment, and the failure to do so was error. It is well-established that the law judge must state the weight accorded each item of impairment evidence and the reasons for her decision on such evidence. Gibson v. Heckler, 779 F.2d 619, 622-23 (11th Cir. 1986).

The plaintiff also raised two other contentions, but they were not particularly persuasive. In light of the remand, which will generate a new decision, it is appropriate to pretermit discussion of those two contentions.

IV.

For the foregoing reasons, the decision of the Commissioner is

deficient in addressing the plaintiff's mental impairments. I, therefore,

recommend that the decision be REVERSED and the matter REMANDED for

further proceedings.

DATED: JANUARY *14*, 2017

Respectfully submitted,

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.